## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 10-6451-RSR

UNITED STATES OF AMERICA,

        Plaintiff,

v.

EARL DAVIS,

        Defendant.

_____/

### <u>ORDER</u>

Defendant Earl Davis is charged by way of complaint with tampering with a public drinking water system, in violation of 42 U.S.C. §300i-1.  *See* D.E. 1.  Defendant appeared before the Court for his initial appearance in this case on Friday, November 12, 2010.  At that time, the Court advised Defendant of the charges pending against him, his right to remain silent, and his right to representation by an attorney, as well as of other matters.  Defendant advised the Court that he would hire his own attorney, and the Court set the matter for an inquiry regarding counsel on Monday, November 15, 2010.  *See* D.E. 5.

On November 15, 2010, Defendant had to be physically moved into the courtroom for his hearing.  He refused to comply with instructions from the deputy Marshals.  Because his appearance was disruptive, Defendant was initially removed from the courtroom until after all other proceedings in magistrate court had concluded.  At that time, Defendant was brought back to the courtroom, still exhibiting unusual behavior.  Once again, the deputy Marshals physically had to move Defendant through the courtroom.  Finally, they placed Defendant in a courtroom chair with wheels, which they

moved out of the courtroom with Defendant in it at the end of the hearing.

During the hearing, the Court attempted repeatedly to inquire of Defendant as to whether he had retained counsel. Defendant did not respond in any way. The Court then asked the Assistant Federal Public Defender ("AFPD") who was present whether he might be able to assist Defendant for the proceedings in the courtroom for the day. The AFPD agreed, and he, too, repeatedly attempted to speak with Defendant. Defendant, however, did not respond.

Based on Defendant's behavior and the circumstances surrounding his arrest, the Government made an *ore tenus* motion for the Court to order a competency evaluation. The AFPD did not object, and the Court then granted the Government's motion for the reasons stated below. Additionally, the Court formally appointed the Federal Public Defender's Office to assist Defendant during this process. The Court will revisit the appointment issue upon Defendant's return to this Court.

Title 18, United States Code, Section 4241(a) provides, in relevant part, that upon the Government's motion for a hearing to determine the mental competency of a defendant, the court shall grant the motion "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." In order to assist the Court in making this determination, the Court has the authority to order that a psychiatric or psychological examination be performed and that a report of the findings of such an examination be filed with the Court before the hearing. 18 U.S.C. § 4241(b).

Title 18, United States Code, Section 4247(b), in turn, governs psychiatric and psychological evaluations. This statute provides, in relevant part, "A psychiatric or psychological examination ordered pursuant to this chapter shall be conducted by a licensed or certified psychiatrist or

psychologist, or, if the court finds it appropriate, by more than one such examiner.  Each examiner

shall be designated by the court . . . ."  Section 4247(c) sets forth the required contents of a report

of such an examination:

> (1)     the person's history and present symptoms;
>
> (2)     a description of the psychiatric, psychological, and medical
> tests that were employed and their results;
>
> (3)     the examiner's findings; and
>
> (4)     the examiner's opinions as to diagnosis, prognosis, and –
>
>> (A)     . . . whether the person is suffering from a
>> mental disease or defect rendering him
>> mentally incompetent to the extent that he is
>> unable to understand the nature and
>> consequences of the proceedings against him
>> or to assist properly in his defense.

In this case, Defendant was arrested on a Complaint that alleges that in the early morning

hours, he climbed a fence at the Hollywood Water Treatment Plant, shed his clothing, and entered

the main switching control room of the plant, where he turned off three main control breakers,

shutting down power to one side of the plant.  According to the Complaint, Defendant then dressed

in a bio-hazard suit, entered the other main control room, and turned off the two main control

breakers there, shutting down power to the other side of the plant.  Next, the Complaint asserts,

Defendant went to the back-up generator and turned it off.  When plant personnel confronted

Defendant, the Complaint continues, Defendant falsely advised them that he was "Mike Myers," and

he provided a false Social Security number.

When Defendant made his initial appearance on the Complaint, the Court advised Defendant

of the charges against him, and Defendant stated that he understood the charges.  He further engaged

in no unusual behavior during his initial appearance. Moreover, Defendant's Pretrial Services report suggests nothing out of the ordinary.

Three days later, however, Defendant's conduct differed dramatically. As described previously, Defendant was entirely uncooperative, both physically and orally, with the Court, the deputy Marshals, and the AFPD.

Based on Defendant's unusual conduct and abrupt change in behavior, his failure to assist the AFPD at the hearing, and the circumstances of the charges, the Court finds reasonable cause to believe that Defendant may be suffering from a mental disease or defect that may render him incompetent to stand trial.

For these reasons, it is hereby **ORDERED AND ADJUDGED** that the *ore tenus* Motion to Determine Competency to Stand Trial is **GRANTED**. Within thirty days, the United States Attorney's Office shall have Defendant evaluated by a qualified psychiatrist or psychologist to determine his competency to understand the proceedings in this Court, pursuant to 18 U.S.C. §§ 4241 and 4247(b). The cost for this evaluation shall be borne by the Department of Justice. *See Guide to Judicial Policy & Procedure, vol. VII, chap. III, Part B, § 3.11(B) & Summary Chart* (Administrative Office of the United States Courts). The report shall conform to the requirements of 18 U.S.C. § 4247(c), which requires the report to include the following information:

(1)    the person's history and present symptoms;

(2)    a description of the psychiatric, psychological, and medical tests that were employed and their results;

(3)    the examiner's findings; and

(4)    the examiner's opinions as to diagnosis, prognosis, and –

> (A)    . . . whether the person is suffering from a
> mental disease or defect rendering him
> mentally incompetent to the extent that he is
> unable to understand the nature and
> consequences of the proceedings against him
> or to assist properly in his defense.

A copy of the Report shall be furnished to counsel for the Government and counsel for Defendant within thirty days from the date of this Order.  Once the report is received, Defendant shall file a copy of the report with the Court under seal.

It is further **ORDERED AND ADJUDGED** that this matter is set for a status conference on **December 27, 2010, at 11:00 a.m.** before me, in Room 310-B, United States Courthouse, 299 E. Broward Blvd., Fort Lauderdale, Florida 33301.  The presence of Defendant is required.  It is further **ORDERED** that the period of delay resulting from the examination of Defendant and any subsequent judicial proceedings to determine Defendant's competency shall be excluded from the computation of deadlines under the Speedy Trial Act, 18 U.S.C. § 3161(h)(1)(A).

**DONE AND ORDERED** this 15th day of November 2010.


_____
ROBIN S. ROSENBAUM
UNITED STATES MAGISTRATE JUDGE

cc:    Counsel of Record