UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-60309-CR-DIMITROULEAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.

EARL DAVIS,

        Defendant.
_____/

**ORDER**

Defendant Earl Davis is charged by way of complaint with tampering with a public drinking water system, in violation of 42 U.S.C. §300i-1. *See* D.E. 1. Defendant appeared before the Court for his initial appearance in this case on Friday, November 12, 2010. At that time, the Court advised Defendant of the charges pending against him, his right to remain silent, and his right to representation by an attorney, as well as of other matters. Defendant advised the Court that he would hire his own attorney, and the Court set the matter for an inquiry regarding counsel on Monday, November 15, 2010. *See* D.E. 5.

On November 15, 2010, Defendant had to be physically moved into the courtroom for his hearing. He refused to comply with instructions from the deputy Marshals. Because his appearance was disruptive, Defendant was initially removed from the courtroom until after all other proceedings in magistrate court had concluded. At that time, Defendant was brought back to the courtroom, still exhibiting unusual behavior. Once again, the deputy Marshals physically had to move Defendant through the courtroom. Finally, they placed Defendant in a courtroom chair with wheels, which they

moved out of the courtroom with Defendant in it at the end of the hearing.

During the hearing, the Court attempted repeatedly to inquire of Defendant as to whether he had retained counsel. Defendant did not respond in any way. The Court then asked the Assistant Federal Public Defender ("AFPD") who was present whether he might be able to assist Defendant for the proceedings in the courtroom for the day. The AFPD agreed, and he, too, repeatedly attempted to speak with Defendant. Defendant, however, did not respond.

Based on Defendant's behavior and the circumstances surrounding his arrest, the Government made an *ore tenus* motion for the Court to order a competency evaluation. The AFPD did not object, and, for the reasons noted in the Court's November 15, 2010, Order, the Court found reasonable cause to believe that Defendant may be suffering from a mental disease or defect that may render him incompetent to stand trial. Accordingly, the Court granted the Government's *ore tenus* Motion to Determine Competency to Stand Trial. Additionally, the Court formally appointed the Federal Public Defender's Office to assist Defendant during this process.

Pursuant to that Order, the Court directed that within thirty days, the United States Attorney's Office was to have Defendant evaluated by a qualified psychiatrist or psychologist to determine his competency to understand the proceedings in this Court, pursuant to 18 U.S.C. §§ 4241 and 4247(b). The report was to conform to the requirements of 18 U.S.C. § 4247(c), which requires the report to include the following information:

    (1)    the person's history and present symptoms;

    (2)    a description of the psychiatric, psychological, and medical tests that were employed and their results;

    (3)    the examiner's findings; and

> (4)  the examiner's opinions as to diagnosis, prognosis, and –
>
>> (A)  . . . whether the person is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

A copy of the Report was to be furnished to counsel for the Government and counsel for Defendant within thirty days from the date of the November 15, 2010, Order.  Once the report was received, Defendant was to file a copy of the report with the Court under seal.  In addition, the Order set this matter for a status conference on December 27, 2010.

Upon advice from the examining doctor, however, the Court learned that the examination would not be completed by December 27, 2010.  Accordingly, the Court reset the status conference for January 20, 2011.  Prior to the January 20, 2011, status conference, however, the Court learned that the examination was still not complete.  Nevertheless, the Court proceeded with the January 20, 2011, status conference.  During that conference, counsel for both Defendant and the United States objected to the arraignment of Defendant, based on the parties' understanding that the examining doctor had made a preliminary finding that Defendant is not competent to stand trial at this time.  In this regard, the parties expressed concern that Defendant may not be capable of understanding the charges against him.  As a result, the parties requested that the Court reset the status conference and arraignment to occur after the parties had received the doctor's examination report, an event that was expected to occur in the second half of February.  The Court therefore reset the status conference accordingly.

On February 7, 2011, Rodolfo A. Buigas, Ph.D., a forensic exam coordinator for the Federal

Bureau of Prisons Federal Detention Center in Miami, Florida, prepared a report regarding his examination and evaluation of Defendant. In that report, Dr. Buigas described the tests and other evaluative processes he used to determine whether Defendant is competent at this time to stand trial, as well as Defendant's responses to those processes and his behavior at the Federal Detention Center. Dr. Buigas opined that although Defendant "appears to maintain some factual and rational understanding of the legal process, . . . his understanding of the process remains limited and he has poor understanding of the consequences. In addition, he cannot offer meaningful assistance [to his attorney] due to inability to recall behavior surrounding the alleged offense, as well as a lack of motivation and inability to initiate and maintain goal-directed behaviors." Report at 9. Consequently, Dr. Buigas concluded, Defendant should be found incompetent to stand trial and should be remanded to a federal medical prison for treatment to attempt to restore his level of trial competency." *Id.* Indeed, Dr. Buigas suggested that Defendant "may benefit from psychiatric medications." *Id.* at 8.

After the Court and the parties received Dr. Buigas's report, the Court held a hearing on February 17, 2011, to determine, pursuant to 18 U.S.C. § 4241(d), whether Defendant "is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." Both the Government and Defendant stipulated that Defendant satisfied these circumstances and is, thus, mentally incompetent to proceed at this time. Having reviewed Dr. Buigas's report and considered the positions of the Government and Defendant, this Court agrees and finds by a preponderance of the evidence that Defendant is currently mentally incompetent as defined in Section 4241(d).

Consequently, Section 4241 requires the Court to commit Defendant to the custody of the Attorney General, who shall hospitalize Defendant for treatment in accordance with the requirements of Section 4241(d). *See United States v. Donofrio*, 896 F.2d 1301, 1303 (11th Cir. 1990). Under Section 4241(d), the Attorney General shall arrange for the hospitalization of Defendant

> for treatment in a suitable facility –
> 
> (1) for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward; and
> 
> (2) for an additional reasonable period of time until –
> 
> > (A) his mental condition is so improved that trial may proceed, if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward; or
> > 
> > (B) the pending charges against him are disposed of according to law; whichever is earlier.
> 
> . . .

18 U.S.C. §4241(d).

Accordingly, it is hereby **ORDERED and ADJUDGED** that Defendant is committed to the custody of the Attorney General, who shall hospitalize Defendant for a reasonable period of time, not to exceed four months, as is necessary to determine whether a substantial probability exists that in the foreseeable future, Defendant will attain the capacity to permit the proceedings to go forward.

It is further **ORDERED and ADJUDGED** that the Attorney General shall arrange for the preparation of a report regarding (1) whether a substantial probability exists that in the foreseeable

future, Defendant will attain the capacity to permit the proceedings to go forward, and (2) if so, an approximation of the anticipated period required to enable Defendant to attain the capacity to permit the proceedings to go forward.

It is further **ORDERED and ADJUDGED** that this report shall be filed with the Court by no later than **June 3, 2011**.

It is further **ORDERED and ADJUDGED** that the period of delay resulting from the hospitalization of Defendant for the purposes described above and any subsequent judicial proceedings to determine Defendant's competency shall be excluded from the computation of deadlines under the Speedy Trial Act, 18 U.S.C. § 3161(h)(1)(A).

Finally, although the Court recognizes and respects that the decision regarding where Defendant should be hospitalized rests with the Bureau of Prisons, to the extent that the Bureau of Prisons might find the Medical Center for Federal Prisoners in Springfield, Missouri, satisfactory to accomplish the tasks set forth above, I respectfully recommend designation to that facility.

**DONE AND ORDERED** this 18th day of February 2011.

_____
ROBIN S. ROSENBAUM
UNITED STATES MAGISTRATE JUDGE

cc:   Hon. William P. Dimitrouleas
      Counsel of Record